NO. 07-04-0317-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 12, 2005


______________________________



GILBERT ESCOBEDO, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-439,337; HON. BRADLEY UNDERWOOD, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ

 Appellant Gilbert Escobedo appeals from his conviction for capital murder and his
sentence of life imprisonment. The two issues before us involve whether the trial court
erred in denying his motion to change venue and by failing to afford him a hearing on the
motion. We affirm the judgment of the trial court. 

 The State represents in its brief that the trial court did err, but that the error was
harmless. Yet, statute requires a defendant seeking to transfer venue under art. 31.03 of
the Code of Criminal Procedure (as did appellant here) to support the motion not only with
affidavits of at least two credible persons but also with the defendant's "own affidavit." Tex.
Code Crim. Proc. Ann. art. 31.03(a) (Vernon 1989). While appellant accompanied his
motion with three affidavits, none were his own. Because the motion did not satisfy the
requirements of art. 31.03(a), the trial court did not err in either its decision to deny
appellant a hearing or its decision to deny the motion itself.

 Accordingly, we overrule the two points of error and affirm the judgment of the trial
court.


 Brian Quinn 

 Justice


Do not publish.


 



miss for want of
jurisdiction.

 A defendant must file a written notice of appeal with the trial court clerk within 30
days after the date sentence is imposed. Tex. R. App. P. 25.2 & 26.2(a)(1). The Rules
of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal
if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 & 10.5(b)(2).
This Court is without jurisdiction to address the merits of an appeal and can take no action
other than to dismiss the appeal if an appeal is not timely perfected. See Slaton v. State,
981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

 Appellant's sentences were imposed on April 14, 1999; thus, the deadline for filing
the notices of appeal was May 14, 1999, or 15 days thereafter if accompanied by a
compliant motion for extension of time. A notice of appeal filed approximately 34 months
after the deadline for doing so does not invoke our jurisdiction. 

 Accordingly, the purported appeals are dismissed for want of jurisdiction. (1)

 Don H. Reavis

 Justice


Do not publish.
1. Appellant may have recourse by filing a post-conviction writ of habeas corpus
returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. 
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).